CABASSA, PLAINTIFF AND APPELLEE, *v.* NADAL, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Nullity of Marriage and Divorce.

No. 1438.—Decided April 25, 1916.

NULLITY OF MARRIAGE—DIVORCE—JOINDER OF ACTIONS—SUBSIDIARY ACTION.—An action for nullity of marriage and an action for divorce are not incompatible and may be joined when the latter is not brought unconditionally but as a subsidiary action in case the former should not prosper. Both actions arise from the same act or contract, although from different causes,

and have the same object—that is, the dissolution of the conjugal relation-
ship between the plaintiff and the defendant.

ID.—DISSOLUTION OF MARRIAGE—INCAPACITY.—According to section 178 of the
Civil Code, the second marriage of a woman within three hundred and
one days from the date of the nullity or dissolution of her first marriage
is null and void, for she is incapable of entering into a marriage contract
under section 131 of the same code.

MARRIAGE—CAPACITY TO CONTRACT MARRIAGE—CITIZENS OF PORTO RICO—LAWS
OF FOREIGN COUNTRY.—The rules which should govern the capacity of the
parties to a marriage who are both citizens of Porto Rico should not be
sought in the laws of the country in which the marriage was solemnized
but in the statutes of Porto Rico, as provided for by sections 9 and 11 of
the Civil Code.

ID. — EXTRA - TERRITORIAL STATUTES — CAPACITY —RESIDENCE — TEMPORARY AB-
SENCE.—The Legislative Assembly of Porto Rico is empowered to give extra-
territorial force to prohibitory statutes relating to marriage, and the stat-
ute in force governing the capacity of persons to contract marriage is extra-
territorial. Statutes regulating legal capacity follow the persons although
they reside in a foreign country and with greater reason when they are
temporarily absent and return to Porto Rico.

ID.—NULLITY OF MARRIAGE—ESTOPPEL—PARTIES TO ACTION—PUBLIC INTEREST.—
The solemnization of a marriage is no bar to an action for its nullity, for
according to section 179 of the Civil Code, such action may be brought by
the parties to the marriage, by the Government and by any other person
who may have an interest in the annulment of the same. The right given
to the Government to bring such an action shows that the Legislature recog-
nized that the observance of the requisites prescribed by the code for con-
tracting marriage is of public interest.

The facts are stated in the opinion.

*Mr. José Sabater* for the appellant.

*Messrs. José* and *Manuel Tous Soto* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

Two causes of action are joined in the complaint filed
in this action on April 7, 1915, by Rosaura Amelia Cabassa
in the District Court of Mayagüez against Ricardo Nadal
Cabassa—one for a declaration of the nullity of their mar-
riage and the other for dissolution of the said marriage
by a decree of divorce in case the first cause of action should
not be sustained. As facts constituting the cause of action
for nullity of the marriage, the plaintiff alleges that she and
her husband, Ricardo Nadal Cabassa, are citizens and resi-
dents of Porto Rico; that they are related within the fourth

degree of consanguinity, being first cousins; that the plaintiff obtained a divorce from her first husband by a judgment of the District Court of Mayagüez which became final and unappealable on July 18, 1914; that in the month of August, or before the expiration of the three hundred and one days following the decree of divorce, she contracted matrimony with the defendant in the Dutch island of Curacao without first obtaining a dispensation of the relationship existing between them; that there has been no issue of the marriage, nor is there any community property.

The material allegations supporting the second cause of action for divorce charges cruelty by words and acts.

The defendant demurred to the said complaint on the ground that the facts alleged were insufficient to constitute the cause of action for nullity of the marriage or the subsidiary cause of action for divorce, and also that there was misjoinder of causes of action.

By a ruling of September 28, 1915, the court overruled both grounds of demurrer and gave the defendant ten days within which to file his answer. The defendant answered and moved the court to enter judgment in accordance with the said ruling so that he might appeal therefrom in order to obtain a reversal.

The court granted the motion and by its judgment of October 29 sustained the complaint and decreed the nullity of the marriage between the plaintiff and the defendant, with the costs, expenses, disbursements and attorney fees against the latter.

From that judgment the defendant appealed and set up the following as grounds for its reversal:

1. That the court erred in holding that the actions for nullity of marriage and for divorce could be joined in the same complaint, they being incompatible for the reason that the former presupposes the non-existence and the latter the existence of the marriage.

2. That the court erred in decreeing the nullity of the

marriage between the plaintiff and the defendant because the plaintiff is estopped from impeaching her own acts; and, moreover, the complaint contains no allegation as to whether the said marriage was forbidden by the laws of the island of Curacao where it was contracted, and that those laws and not the laws of Porto Rico should govern the marriage contract.

As regards the first ground of appeal, we are of the opinion that there is no misjoinder of causes of action. There are two causes of action—one for the nullity of the marriage and the other for its dissolution by means of a divorce. They arise from the same act or contract, although from different causes, and have the same object—that is, the termination of the conjugal relationship between the plaintiff and the defendant. The said causes of action are not incompatible, for the second, or that for divorce, is brought only as a subsidiary action in case the nullity of the marriage should not be sustained. As to the joinder of actions of nullity and for divorce in the same complaint, we refer to the jurisprudence cited in 13 Encyclopedia of Pleading and Practice, 221.

Regarding the second ground of appeal, the question of law submitted to our consideration is plain and requires little discussion.

Among the requisites for contracting marriage, section 130 of the Civil Code prescribes that of "the legal capacity of the contracting parties" and section 131 provides that among the persons incapacitated to contract marriage is a woman whose marriage has been declared null or has been dissolved during a period of three hundred and one days from the date of such nullity or dissolution. The result of failure to comply with the foregoing and the other provisions of the said sections is stated in section 178, which provides that when a marriage has not been contracted according to the requirements of this code, the same is null and void.

It follows, then, that the marriage contracted by the plaintiff and the defendant is null and void because the former was incapacitated to contract the same, as she did, within three hundred and one days from the date of her divorce from her first husband.

Inasmuch as the plaintiff and the defendant were citizens and residents of Porto Rico, the requisites which should govern the plaintiff's capacity to contract marriage should not be sought among the laws of the island of Curacao but in the statutes of Porto Rico, as provided for by section 9 of the Civil Code, which reads as follows:

"Section 9.—The laws relating to family rights and obligations, or to the status, condition and legal capacity of persons, shall be binding upon the citizens of Porto Rico, although they reside in a foreign country."

And in prescribing that the forms and solemnities of contracts, wills and other public instruments are governed by the laws of the country in which they are executed, section 11 provides that prohibitory laws relating to persons, their acts or property, and those which relate to public order and to good morals shall not be held invalid by reason of laws, decisions, regulations or agreements in force in any foreign country. The laws of Curacao governing the capacity of persons to contract marriage have not been brought to our attention, but whatever they may be, if they are in conflict with those in force in Porto Rico relating to such capacity, the laws of Porto Rico and not those of Curacao must regulate the capacity of the plaintiff, Rosaura Amelia Cabassa, to contract marriage with the defendant.

The Legislative Assembly of Porto Rico has been and is empowered to give extra-territorial force and effect to a prohibitory statute relating to matters of marriage and our statute governing the capacity of persons to contract marriage is extra-territorial, for laws regulating legal capacity follow Porto Ricans even when they reside in foreign

countries and with greater reason when they are temporarily absent and return to Porto Rico as in the present case.

The solemnization of the marriage is no bar to an action for nullity, for, according to section 179 of the Civil Code, the right to an action for a declaration of nullity of a marriage belongs to the parties to the marriage, to the public attorney and to such other persons as may have an interest in the annulment of the same. The right given to the Government to bring such an action shows that the Legislature recognized that the observance of the requisites prescribed by the code for contracting marriage is of public interest. Such public interest is involved in the present case in which the cause of incapacity alleged by Rosaura Amelia Cabassa is based on the reason that there may be no doubt "as to which of the husbands is the father of the male or female child to which she may give birth." Law V, Title III, *Partida* VI. The object of the legislative prohibition is to avoid *turbationem sanguinis* \* \* \* *generationis aut seminis incertitudinem*.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.